IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CARLOS MARTINEZ-BARRERA**, | Case No. 3:20-cv-15-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CITY OF GRESHAM**, | |
| Defendant. | |

Stephen Healy, LAW OFFICE OF STEPHEN HEALY, 1390 N. McDowell Blvd., Suite G, Petaluma, CA 94954. Of Attorneys for Plaintiff.

Lauren E. Nweze, David C. Lewis, and William E. Stabler, KRAEMER & LEWIS, PO Box 1469, Lake Oswego, OR 97035. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff Carlos Martinez-Barrera brings three claims under 42 U.S.C. § 1983 against the City of Gresham for violations of the Fifth, Eighth, and Fourteenth Amendments. Plaintiff's claims arise from an injury Plaintiff received on his toe in 2018 at a Gresham Police Department temporary holding facility. For the reasons explained below, the Court grants Defendant's Motion for Summary Judgment and dismisses Plaintiff's claims.

PAGE 1 – OPINION AND ORDER

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (quoting *Celotex*, 477 U.S. at 323-24). That is, the non-moving party "must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Allegations in a complaint are not evidence and therefore cannot create a dispute of fact at summary judgment. *See Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) ("[Plaintiff] cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements.").

The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

PAGE 2 – OPINION AND ORDER

## BACKGROUND

### A. Procedural History

Proceeding *pro se*, Plaintiff filed his Complaint in January 2020. The Court then appointed pro bono counsel to represent Plaintiff. In November 2020, the Court granted Plaintiff's counsel's motion to withdraw and appointed new pro bono counsel. Plaintiff's deadline to amend his Complaint passed on October 5, 2021, and Defendant later filed its Motion for Summary Judgment now pending before the Court. In response to Defendant's motion, Plaintiff submitted no evidence into the record and argued that allegations in his Complaint created a dispute of fact requiring denial of Defendant's motion. The Court explained that allegations in a complaint are not evidence, *see Hernandez*, 343 F.3d at 1112, and allowed Plaintiff an additional 30 days to submit sufficient evidence into the record and arguments in response to Defendant's Motion for Summary Judgment. ECF 55. Plaintiff submitted no additional evidence or briefing. Thus, the Court treats Defendant's account of the facts and supporting evidence as undisputed. *See* Fed. R. Civ. P. 56(e)(2).

### B. Factual History

On November 2, 2018, Multnomah County Sheriff Deputy Ryan Burkeen stopped Plaintiff for a traffic violation. During the traffic stop, the Deputy Burkeen believed he had probable cause to arrest Plaintiff for Driving While Suspended-Misdemeanor (DWS) and Driving Under the Influence of Intoxicants (DUII). Deputy Burkeen called Gresham Police Officer Walter Harper for assistance, who then transported Plaintiff to the Gresham Police Department. While driving to the Gresham Police Department, Officer Harper noticed Plaintiff was having difficulty breathing and immediately stopped the car and called for medical assistance. The responding paramedics determined Plaintiff did not need medical treatment, and Officer Harper continued with Plaintiff to the Gresham Police Department.

When they arrived, Officer Harper continued his investigation of Plaintiff's DUII and later transferred custody of Plaintiff to Multnomah County Sheriff Deputy Matthew Tiffany at the Gresham Temporary Holding Facility. Plaintiff contested to a breath test, which showed his blood alcohol content to be 0.17 percent.

The Gresham Temporary Holding Facility temporarily holds arrestees from the City of Gresham until they can be transported to the Multnomah County Detention Center. When Plaintiff entered the holding facility, Deputy Tiffany asked Plaintiff to remove his shoes so that he could make sure Plaintiff did not possess weapons, contraband, or means of escape. Plaintiff took off his shoes near the booking counter, which is close to the door to the facility. That door is solid and does not have any windows. Deputy Tiffany then searched Plaintiff as he stood barefoot by the entry door. At some point during Plaintiff's search, Gresham Police Officer Doug Gunderson opened the entry door, which struck Plaintiff's left foot. The door caused an injury to Plaintiff's fourth toe.

Two minutes after the door hit Plaintiff's toe, Officer Harper called for medical assistance. Emergency Medical Technicians arrived three minutes later and evaluated Plaintiff's toe. Gresham Fire Department Paramedic Raymond Kellstrom treated Plaintiff's toe with a bandage. Kellstrom determined that Plaintiff did not require treatment at a hospital because his injury was minor, and Plaintiff also refused any transport to a hospital. After receiving treatment for his toe, Plaintiff proceeded with the booking process at the holding facility without complaint. Plaintiff remained at the holding facility for 15 minutes after his toe injury until he was transported to the Multnomah County Detention Center.

## DISCUSSION

Plaintiff concedes that he cannot show that Defendant violated the Fifth or Eighth Amendments. Plaintiff also concedes that the evidence does not show that Defendant caused an

unreasonable delay in Plaintiff's medical care in violation of the Fourteenth Amendment. Thus, Plaintiff's only remaining claim is that Defendant discriminated against him based on his race in violation of the Fourteenth Amendment.

To prevail on a claim under 42 U.S.C. § 1983, the plaintiff must show that the defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Local government entities may be sued under § 1983, but not on a theory of *respondeat superior*. *See Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Instead, a plaintiff asserting a § 1983 claim against a local government entity must allege that (1) he or she was deprived of a constitutional right; (2) that the county had a policy; (2) that the policy "amounts to deliberate indifference" to that right; and (4) that the policy is the "moving force behind the constitutional violation." *Id.* at 1070. The plaintiff must allege that the injury resulted from a "permanent and well settled practice," and there must be a "direct causal link" between that practice and the injury. *Id.* at 1067.

Plaintiff has not shown a genuine dispute as to any material fact, and Defendant is entitled to judgment as a matter of law. Deputy Tiffany asked Plaintiff to remove his shoes so that he could conduct a thorough search of Plaintiff's person. Officer Gunderson then opened the entry door to the holding facility. Because the door was solid and had no windows, Officer Gunderson could not have known that Plaintiff stood on the other side of the door. When the door hit Plaintiff's toe, Officer Harper promptly called paramedics to treat Plaintiff. Kellstrom treated Plaintiff with a bandage and Plaintiff made no other complaint about his toe for the 15 additional minutes he remained at the holding facility. Plaintiff also presents no evidence that any officer's actions were motivated by any racial or ethnic animus. Plaintiff has not shown a

genuine dispute about whether he was treated with any racial animus or discrimination in violation of the Fourteenth Amendment. Thus, Plaintiff has failed to meet his burden to establish a prima facie claim under § 1983. *See id.* at 1070 (stating that a plaintiff asserting a § 1983 claim must show he or she was deprived of a constitutional right). The Court therefore grants Defendant's Motion for Summary Judgment.

## CONCLUSION

The Court GRANTS Defendant's Motion for Summary Judgment (ECF 45).

**IT IS SO ORDERED**.

DATED this 3rd day of March, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 6 – OPINION AND ORDER